IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KIARA POITEVIEN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CORPORATE TRANSLATION SERVICES, LLC d/b/a LanguageLink,<br><br>Defendant. | Case No. 3:23-cv-05152<br><br>**CORRECTED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## I.   CLASS ACTION COMPLAINT

Plaintiff Kiara Poitevien, on behalf of herself and all others similarly situated, files this Class Action Complaint against Defendant CORPORATE TRANSLATION SERVICES, LLC ("CTS" or "Defendant"), alleging as follows:

## II.   NATURE OF THE CASE

1.   This is a consumer class action under Washington state and federal law brought on behalf of applicants for employment with CTS, a translation and interpretation company that does business as Language Link.

2.   CTS systematically violates the rights of job applicants about whom it obtains consumer reports (also called "background checks") section 1681b(b)(3) of the FCRA by using consumer reports to take adverse employment actions without, beforehand, providing the

CORRECTED COMPLAINT - 1
Case No. 3:23-cv-05152

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

person who is the subject of the report sufficient and timely notification and a copy of the report and a summary of rights under the FCRA, leaving the person who is the subject of the report without any meaningful opportunity to correct any errors on the report.

3. The FCRA regulates the use of "consumer reports" for employment purposes, commonly called "background reports." Congress included in the statutory scheme a series of due-process-like protections that impose strict procedural rules on "users of consumer reports," such as CTS. This action involves CTS's systematic violations of several of those important rules.

4. Plaintiff was denied employment with CTS based upon a standardized background screen conducted by SafestHires, Inc. ("SafestHires").

5. Upon information and belief, CTS contracts with SafestHires to perform a standardized background screen on all of CTS' candidates for hire or promotion. CTS determined that Plaintiff was not eligible for the job based upon SafestHires' reporting of inaccurate criminal record information, which indicated that Plaintiff had been convicted of a crime despite the fact that the public record clearly showed that she had been exonerated and not considered to have a criminal conviction.

6. Plaintiff disputed the accuracy of the record with SafestHires, and the record was removed – but it was too late, because CTS had made its final determination based upon the original report, before Plaintiff had ever seen it.

7. Plaintiff asserts that, in violation of the FCRA, CTS willfully and negligently failed to comply with the FCRA's mandatory pre-adverse action notification requirement and failed to provide a copy of the inaccurate background report it obtained from SafestHires, before the adverse action occurred, as required by 15 U.S.C. § 1681b(b)(3). Every year, individuals who have applied to CTS for employment have been similarly aggrieved by the same violation of 15 U.S.C. § 1681b(b)(3).

CORRECTED COMPLAINT - 2
Case No. 3:23-cv-05152

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

8. Pursuant to 15 U.S.C. §§ 1681n and 1681o, Plaintiff seeks monetary relief for herself and a class of similarly situated employment applicants for whom CTS failed to comply with FCRA section 1681b(b)(3)'s pre-adverse action notification requirements.

### III. PARTIES

9. Plaintiff Kiara Poitevien is a natural person who lives in Florida.

10. Defendant CTS is a Delaware limited liability company that regularly conducts business in the Western District of Washington and has a principal place of business in Vancouver, Washington, Clark County.

### IV. JURISDICTION AND VENUE

11. The Court has federal question jurisdiction under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

12. Venue is proper in this Court because CTS can be found in this District. 28 U.S.C. § 1391(b)(3). Defendant regularly sells its products and services in this District.

### V. FACTUAL ALLEGATIONS

13. In early February 2022, Plaintiff completed an application for employment with CTS as a Project Manager.

14. On or about February 15, 2022, CTS extended an offer of employment to Plaintiff which was "conditional upon completion of a background check to our satisfaction."

15. Plaintiff accepted the offer of employment, signing the letter as requested and returning it to CTS.

16. On or about February 16, 2022, CTS requested a background check about Plaintiff from SafestHires.

17. SafestHires represents on its website that it offers "a fully compliant and automated Pre-Adverse/Adverse process in our system at no cost to our clients." *See* https://www.safesthires.com/compliance/.

18. Upon information and belief, CTS used the SafestHires automated "Pre-Adverse/Adverse" process.

CORRECTED COMPLAINT - 3
Case No. 3:23-cv-05152

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

19. On or about February 17, 2022, SafestHires completed the requested background check about Plaintiff and provided it to CTS.

20. The background check contained information about a vacated, sealed and/or discharged criminal record from the "Florida Dept. of Corrections" that SafestHires attributed to Plaintiff.

21. The background check SafestHires prepared about Plaintiff for CTS contained criminal record information that was inaccurate and materially misleading.

22. Upon information and belief, the criminal record information in the background check that SafestHires prepared about Plaintiff caused her to be deemed or otherwise adjudicated ineligible for employment with CTS pursuant to a rubric previously agreed upon between CTS and SafestHires.

23. Upon information and belief, at the time CTS received SafestHires's background check about Plaintiff, it adopted SafestHires's adjudication of Plaintiff's ineligibility and permanently and decisively removed her from hiring consideration with CTS.

24. Also, on or about February 17, 2022, SafestHires, on behalf of CTS, prepared a "PreAdverse Action Notice For Candidates" and sent it to Plaintiff electronically.

25. In relevant part, the February 17 notice stated:

> Enclosed please find a copy of your background report and information about your rights. We have not made a final hiring decision. As required by law, we are notifying you that you we may reject your application to work as an employee or independent contractor based in whole in or in part on the information in the report.
>
> We are sending you this notice based on the following reason(s): Due to the information presented on the background check, we are unable to continue with employment for this individual. We collect credit card information from our clients for payment purposes, and we need to ensure our customer's security.
> You will have 10 business days from the date this notice was sent to you before a hiring decision is made. If the report is inaccurate or incomplete, please contact our Human Resources department.

CORRECTED COMPLAINT - 4
Case No. 3:23-cv-05152

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

> Then, after contacting Human Resources, you should immediately file a dispute with the Consumer Reporting Agency (CRA) that prepared the report. If you file a dispute, you will have 10 more business days from the date the dispute is filed before a hiring decision is made.

26. A copy of the SafestHires background check was attached to the February 17 notice.

27. On or about February 17, 2022, Plaintiff contacted SafestHires to dispute the inaccurate, vacated, sealed and/or discharged criminal record information that SafestHires had included on its background report for CTS.

28. On or before February 22, 2022, SafestHires corrected its earlier reporting and provided an updated background check about Plaintiff to CTS that did not contain any criminal record information whatsoever.

29. Nevertheless, on or about March 3, 2022, CTS prepared an "Adverse Action Notice For Candidates" and sent it to Plaintiff electronically.

30. In relevant part, the March 3 Adverse Action Notice stated:

> We are writing to inform you that we are unable to consider you for the position you applied for at our Company and if we made a conditional offer, it has been re[s]cinded. SafestHires, Inc., a consumer reporting agency, provided us with a background report in connection with your application to work for us, either as an employee or an independent contractor. Our decision to take this action was based in whole or in part on information contained in the background report.

31. A copy of the updated SafestHires background check that contained no criminal records whatsoever was attached to the March 3 notice.

32. The February 17 Pre-Adverse Action Notice was a sham and its representations of a 10-business-day period during which CTS would not make a final hiring decision and a 20-business day period during which Plaintiff could dispute inaccurate information in the background check with SafestHires before CTS made a hiring decision were illusory.

CORRECTED COMPLAINT - 5
Case No. 3:23-cv-05152

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

33. CTS effectively denied Plaintiff any opportunity to meaningfully dispute or discuss the presence of the inaccurate and misleading criminal records information on the SafestHires background check.

34. As a direct and proximate result of CTS's conduct, Plaintiff suffered financial harm in the form of loss of employment and its corresponding wages and intangible harm when she was portrayed to a potential employer in a false and defaming light.

35. Upon information and belief, the conduct of SafestHires alleged above, consistent with its agreement with CTS, was undertaken at the behest and direction of and on behalf and for the benefit of CTS, which consented to and approved of SafesHires's actions in all respects.

36. Upon information and belief, the above alleged conduct occurred in the normal course of business for CTS and in accordance with its standard operating practices and procedures then in effect.

## VI.     CLASS ACTION ALLEGATIONS

37. Plaintiff brings this class action on behalf of the following Class:

> During the period beginning five (5) years prior to the filing of this lawsuit and continuing until the date on which the Court enters an Order certifying one or more Classes, all persons with an address within the United States, its Territories, and other political subdivisions, (1) about whom Defendant Corporate Translations Services, LLC obtained a consumer report for employment purposes; (2) to whom Defendant sent or caused to be sent a Pre-Adverse Action Notice in substantially the same form of the February 17, 2022 notice sent to Plaintiff; (3) and to whom Defendant sent or caused to be sent an Adverse Action Notice in substantially the same form as the March 3 notice sent to Plaintiff.

38. Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

39. **Numerosity.** Fed. R. Civ. P. 23(a)(1). The Class members are so numerous that joinder of all is impractical. Upon information and belief, Defendant procures and uses

CORRECTED COMPLAINT - 6
Case No. 3:23-cv-05152

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

hundreds if not thousands of consumer reports on applicants for employment each year, and those persons' names and addresses are identifiable through documents maintained by Defendant.

40. Existence and Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2). Common questions of law and fact exist as to all members of the Class, and predominate over the questions affecting only individual members. The common legal and factual questions include, among others:

41. Whether Defendant failed to provide each applicant for employment a copy of their consumer report at least five business days before Defendant took adverse action based upon the consumer report;

42. Whether Defendant failed to provide each applicant for employment a copy of their written notice of FCRA rights at least five business days before Defendant took adverse action based upon the consumer report;

43. Whether Defendant acted willfully or negligently in disregard of the rights of employment applicants in their failure to permit their employees and automated systems to send employment applicants their full consumer report and a written statement of their FCRA rights at least five business days before taking adverse action based on the consumer report.

44. Typicality. Fed. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of the claims of each Class member. Plaintiff has the same claims for statutory and punitive damages that she seeks for absent class members.

45. Adequacy. Fed. R. Civ. P. 23(a)(4). Plaintiff is an adequate representative of the Class. Her interests are aligned with, and are not antagonistic to, the interests of the members of the Class she seeks to represent, she has retained counsel competent and experienced in such litigation, and she intends to prosecute this action vigorously. Plaintiff and her counsel will fairly and adequately protect the interests of members of the Class.

46. Predominance and Superiority. Fed. R. Civ. P. 23(b)(3). Questions of law and fact common to the Class members predominate over questions affecting only individual members,

CORRECTED COMPLAINT - 7
Case No. 3:23-cv-05152

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## VII.    CLAIMS FOR RELIEF
### Count I
### Violation of the Fair Credit Reporting Act
### 15 U.S.C. § 1681b(b)(3)

47.     Plaintiff incorporates by reference those paragraphs set out above as though fully set forth herein.

48.     Plaintiff is a "consumer," as defined by section 1681a(c) of the FCRA.

49.     Defendant is a "person," as defined by section 1681a(b) of the FCRA.

50.     The SafestHires background check prepared about Plaintiff for Defendant is a "consumer report," as defined by section 1681a(d) of the FCRA.

51.     The FCRA provides that any person "using a consumer report for employment purposes" who intends to take any "adverse action based in whole or in part on the report," must provide the consumer with a copy of the report and a written description of the consumer's rights under the FCRA, as prescribed by the Federal Trade Commission, before taking such adverse action. 15 U.S.C. § 1681b(b)(3)(A).

CORRECTED COMPLAINT - 8
Case No. 3:23-cv-05152

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

52. For purposes of this requirement, section 1681a(k)(1)(B)(ii) of the FCRA defines an "adverse action" as "any . . . decision . . . that adversely affects any current or prospective employee[.]"

53. Defendant regularly uses background reports for employment purposes, including with respect to Plaintiff and members of the Class.

54. Before taking adverse action based in whole or in part on a consumer report, Defendant, as a user of consumer reports for employment purposes, must provide to the consumer to whom the report relates a copy of the report and a written description of the consumer's rights under the FCRA. 15 U.S.C. §§ 1681b(b)(3)(A)(i) and (ii).

55. Defendant willfully and negligently violated section 1681b(b)(3) of the FCRA by taking adverse action against Plaintiff and members of the Class before providing them the mandated notice, which includes a copy of the consumer report and a written description of the consumer's rights under the FCRA.

**Count II**
**Violation of the Washington Fair Credit Reporting Act**
**RCW 19.182.020**

56. Plaintiff incorporates by reference those paragraphs set out above as though fully set forth herein.

57. Plaintiff is a "consumer," as defined by section 19.182.010(3) of the WFCRA.

58. Defendant is a "person," as defined by section 19.182.010(12) of the WFCRA.

59. The SafestHires background check prepared about Plaintiff for Defendant is a "consumer report," as defined by sections 19.182.010(4)(a)(ii) and 19.182.010(8) of the WFCRA.

60. Section 19.182.020(d) of the WFCRA provides:

> In using a consumer report for employment purposes, before taking any adverse action based in whole or part on the report, a person shall provide to the consumer to whom the report relates: (i) The name, address, and telephone number of the consumer reporting agency providing the report; (ii) a description of the consumer's rights under this chapter pertaining to consumer reports obtained for employment purposes; and (iii) a reasonable

CORRECTED COMPLAINT - 9
Case No. 3:23-cv-05152

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

opportunity to respond to any information in the report that is disputed by the consumer. This subsection applies to job applicants and current employees.

61. For purposes of this requirement, section 19.182.010(1)(a) of the WFCRA defines an "adverse action" as "[d]enial of employment or any other decision for employment purposes that adversely affects a current or prospective employee[.]"

62. Defendant regularly uses background reports for employment purposes, including with respect to Plaintiff and members of the Class.

63. Before taking adverse action based in whole or in part on a consumer report, Defendant, as a user of consumer reports for employment purposes, must provide to the consumer to whom the report relates a copy of the report and a written description of the consumer's rights under the FCRA. 15 U.S.C. §§ 1681b(b)(3)(A)(i) and (ii).

### VIII. PRAYER FOR RELIEF

64. WHEREFORE, Plaintiff and the Class pray for relief as follows:

A. An order certifying the case as a class action on behalf of the proposed Class under Federal Rule of Civil Procedure 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

B. An award of actual, statutory and punitive damages for Plaintiff and the Class;

C. An award of pre-judgment and post-judgment interest as provided by law;

D. An award of attorneys' fees and costs; and

E. Such other relief as the Court deems just and proper.

### IX. JURY DEMAND

65. Plaintiff hereby requests a trial by jury on those causes of action where a trial by jury is allowed by law.

CORRECTED COMPLAINT - 10
Case No. 3:23-cv-05152

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

RESPECTFULLY SUBMITTED AND DATED this 27th day of February, 2023.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/Beth E. Terrell, WSBA #26759
  Beth E. Terrell, WSBA #26759
  Email: bterrell@terrellmarshall.com

By: /s/Jennifer Rust Murray, WSBA #36983
  Jennifer Rust Murray, WSBA #36983
  Email: jmurray@terrellmarshall.com

By: /s/Adrienne D. McEntee, WSBA #34061
  Adrienne D. McEntee, WSBA # 34061
  Email: amcentee@terrellmarshall.com
  936 North 34th Street, Suite 300
  Seattle, Washington 98103
  Telephone: (206) 816-6603
  Facsimile: (206) 319-5450

  James A. Francis, *Pro Hac Vice Forthcoming*
  Email: jfrancis@consumerlawfirm.com
  John Soumilas, *Pro Hac Vice Forthcoming*
  Email: jsoumilas@consumerlawfirm.com
  Lauren KW Brennan, *Pro Hac Vice Forthcoming*
  Email: lbrennan@consumerlawfirm.com
  FRANCIS MAILMAN SOUMILAS, P.C.
  1600 Market Street, Suite 2510
  Philadelphia, Pennsylvania 19103
  Telephone: (215) 735-8600
  Facsimile: (215) 940-8000

*Attorneys for Plaintiff*

CORRECTED COMPLAINT - 11
Case No. 3:23-cv-05152

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com